# EMINENT DOMAIN—CHARGE TO JURY—EVIDENCE—NEW TRIAL.

[Medina (8th) Circuit Court, 1906.]

Marvin, Winch and Henry, JJ.

### NYPANO RY. v. WADSWORTH SALT CO.

1. APPROPRIATION PROCEEDINGS—AWARD TO SALT COMPANY MAY BE BASED LARGELY ON INJURY FROM SMOKE AND DIRT.

In an appropriation proceeding brought by a railroad company against a salt company for land for switch purposes, adjacent to defendant's plant, an award by the jury will not be disturbed as having been based largely on the injury to defendant from the smoke and dirt from plaintiff's locomotives. *Railway* v. *Gardner*, 45 Ohio St. 309, followed.

[For other cases in point, see 3 Cyc. Dig., "Damages," §§ 176-196, 749-767; 4 Cyc. Dig., "Eminent Domain," §§ 226-228, 395, 397, 688.—Ed.]

2. IMPROPER CONDUCT OF PARTIES ON VIEW OF PREMISES VITIATES VERDICT.

Where a jury in an appropriation case views the premises in question and attorneys and representatives of both parties call to their attention on such view certain facts pertinent to the case, a verdict based upon such facts will not be allowed to stand. The misconduct of the parties vitiates such verdict, and notwithstanding both are guilty, the one ought not to be allowed to profit thereby as a penalty to the other.

[For other cases in point, see 6 Cyc. Dig., "New Trial," §§ 92-105; 4 Cyc. Dig., "Evidence," §§ 1991-2004.—Ed.]

[Syllabus by the court.]

ERROR to Medina common pleas court.

**Tibbals & Frank,** for plaintiff in error.

**Grant & Sieber,** for defendant in error.

## WINCH, J.

This is a proceeding in error brought to reverse a judgment of the common pleas of Medina county, which affirms a judgment of the probate court of said county in an appropriation case wherein the railroad company sought to appropriate a strip of land off of one side of the salt company's land for switch purposes. The salt company claimed damages not only for the land taken, but also growing out of obstruction to the access to its premises and damages to its business of salt making by smoke and cinders from the railroad. The jury in the probate court awarded $250 for the land taken and $6,750 as damages to the residue of the tract.

It is claimed that said judgment should be reversed for three reasons:

### Railway v. Salt Co.

First. Because the verdict is excessive and not sustained by sufficient evidence. On this point it is urged that the obstruction to access was slight and could be overcome at small expense, and that the jury must have given too much consideration to the claim of the salt company that its salt was soiled and rendered unsaleable by smoke from locomotives upon said switch.

It is established by the case of *Railway* v. *Gardner*, 45 Ohio St. 309 [13 N. E. Rep. 69], that in an appropriation case like this, it is competent to take into consideration evidence of substantial injury and loss to the property (not common to the community at large) caused by smoke, noises and sparks of fire, occasioned by running locomotives and cars along the track in front of the property. Bearing this in mind, we find that the record exhibits evidence tending to sustain the verdict, and we are not disposed to reverse the judgment because the verdict is excessive.

Second. It is said that plaintiff's sixth request to charge, should have been given. It reads as follows:

"In this case you were sent to view the premises in controversy herein. In making up your verdict you should not consider as evidence any statements made to you during such view by any of the parties or witnesses herein or any statements of anyone else. Nor should you consider as evidence anything you may have seen on such view of the premises where evidence of such fact or facts has been expressly excluded from evidence."

The first sentence in this request is not only the law, but should have been given, if it stood alone, notwithstanding the record fails to show that the court's attention had been called to the fact that statements had been made to the jury during its view of the premises.

The last sentence of Rev. Stat. 6429 (Lan. 10006), reads:

"The expenses of taking the view shall be taxed in the bill of costs, and no evidence shall be given on either side at the taking thereof."

Had the trial judge questioned counsel proposing this charge as to whether any statements had in fact been made to the jury during the view, and counsel had replied: "I don't know, but there may have been, and as the statute is specific on the subject, I ask the court to charge according to it," we are of the opinion that the trial judge would have recognized his duty and plaintiff's right, and charged as requested.

But the second sentence in this request has given us more trouble.

Medina County.

The evidence of facts expressly excluded from evidence, mentioned therein, has reference to testimony offered with regard to damages to the business of plaintiff from the blackening of salt by smoke and cinders.

Such evidence, offered by the salt company, was improperly excluded, as we think, in view of the decision of the Supreme Court in the case of *Railway* v. *Gardner, supra.* To be consistent, the trial judge should have charged as requested, but as we hold that it was error to exclude such evidence, it follows that the last sentence of the sixth request of plaintiff does not correctly state the law, and part of the sixth request being bad, it was not error for the court to refuse to give it.

This conclusion is reached by a majority of the court only, by construing the word "evidence," as used in Rev. Stat. 6429 (Lan. 10006), to mean "testimony."

Judge Henry is of the opinion that the view cannot be used by the jury as evidence, while the majority is of the opinion that the proceedings for appropriation of land are special proceedings and not a civil action, and that the jury, as assessors, are entitled to take into consideration what they may have learned on view, in arriving at the damages they may assess.

Third. The motion for a new trial was based partly upon misconduct of the parties and the jury, occurring at the view, and supported by affidavits showing that plaintiff's counsel first spoke to the jury, or some of them, calling their attention to the fact that from the construction of the salt company's buildings, smoke from locomotives could not enter to spoil the salt. The representative of the salt company thereupon directed the attention of members of the jury to salt which was dirty, intimating that the dirt came through windows higher up, but near the switch.

Thus both parties violated the positive injunction of the law. In such cases it will not do to say that the losing party was equally guilty.

It is better that the administration of the law be kept free from the least taint of improper practice, than that a verdict rendered under such circumstances be allowed to stand as a penalty upon one party, leaving the other party to hold what he may have unduly obtained thereby.

There are other methods of punishing the guilty, which should be resorted to by the trial court.

Railway v. Salt Co.

There was no error in excluding the contract offered in evidence by plaintiff.

For misconduct of parties and the jury on the view of the premises, the judgments of the common pleas and probate courts are reversed and the cause remanded to the common pleas court for further proceedings.

**Marvin** and **Henry, JJ.,** concur.